■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOHN LAND, Respondent.— Appeal by the People from an order of the Supreme Court,

Kings County, dated May 9, 1968, which granted defendant's motion to suppress a television set as evidence. Order reversed, on the law and the facts, and motion denied. We hold that the learned Criminal Term erroneously concluded that the police officer placed defendant under arrest before he had probable cause and that the seizure of the television set was, therefore, premature and illegal. On the facts, we find that the arresting officer credibly testified that, while he was on patrol duty, an unknown male approached him, pointed to defendant and stated that defendant had just burglarized a home at 575 Jefferson Avenue. The officer then walked toward defendant, who was coming up to the officer, with a television set on his shoulder. Upon being questioned, defendant voluntarily said he was taking the set from his aunt's home at 275 Jefferson Avenue to a repair shop. When requested by the officer to do so, defendant accompanied the officer to a place which defendant specifically pointed out as the so-called " aunt's house ", but which in fact was a location other than 275 Jefferson Avenue. There, the officer learned that neither the television set nor the defendant had come from such premises. Though there is some testimony that the officer then checked at premises 575 Jefferson Avenue, before he formally placed defendant under arrest, we hold that, on the proof . adduced, it may fairly be said that the officer first arrested defendant, by placing him in custody in a police car, and thereafter checked at premises 575 Jefferson Avenue. At that location, recent chisel marks were found on the outer, street door, and upon inner, apartment doors, and it was ascertained that the identical television set, carried by defendant, at the time of his encounter with the officer, had been taken from the parlor floor apartment in the premises. Upon the foregoing facts, the learned Criminal Term ruled that, since the unknown male who had told the officer of defendant's act of burglary had not been established as a reliable informer, the officer placed defendant under arrest before he had probable cause to do so. This ruling was based on the hypothesis that the officer arrested defendant before he found out that the television set was the subject of the burglary. In our opinion, where contraband is seized by an arresting officer, as an incident to an arrest, based on information from an unknown person, it matters not whether his unknown informer was reliable or not and it must be held that such informer can supply probable cause for the arrest (*People* v. *Arthurs*, 24 N Y 2d 688). Where the totality of circumstances reasonably indicates that a crime has been committed by a suspect, his temporary detention by police for questioning furnishes no ground for claim of impairment of constitutional rights, even if such detainer, without probable cause at its inception, leads to his subsequent arrest (*People* v. *Morales*, 22 N Y 2d 55) and the seizure from his person of the fruits of the crime committed, though the crime was not committed in the presence of the arresting officer (*People* v. *Merola*, 30 A D 2d 963; *People* v. *Maize*, 32 A D 2d 1031). Although the warnings postulated by *Miranda* v. *Arizona* (384 U. S. 436) were not given to defendant by the police officer when defendant was first interrogated, the routine police investigation " on the street ", to which defendant was then and there subject, did not require the *Miranda* warnings, even though defendant was in restraint (*People* v. *Rodney P.* [*Anonymous*], 21 N Y 2d 1, 11). Christ, Acting P. J., Brennan, Rabin and Munder, JJ., concur; Hopkins, J., concurs in the result, upon the authority of *People* v. *Maize* (32 A D 2d 1031).